**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) RICHARD WAYNE HICKS, )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>(1) CITY OF FAIRVIEW, OKLAHOMA, and )<br>(2) CHARLES GADD )<br>)<br>    **Defendants.** ) | Case No.: <u>CIV-17-296-F</u><br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

**COMPLAINT**

**COMES NOW** the Plaintiff, Richard Wayne Hicks ("Plaintiff Hicks") or ("Hicks"), and for his Complaint against Defendants alleges and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Richard Hicks is a resident of Blaine County, Oklahoma.

2. Defendant Charles Gadd ("Chief Gadd" or "Defendant Gadd") was at all times relevant hereto, the Acting Chief of Police for the City of Fairview, Oklahoma and based upon information and belief was a resident of Major County, Oklahoma at the time of the incidents described herein.

3. Defendant City of Fairview ("City of Fairview") or ("City"), Oklahoma is a municipality located in Major County, State of Oklahoma.

4. The acts giving rise to this lawsuit occurred in Major County, State of Oklahoma.

5. Prior to bringing this Complaint, Plaintiff has complied with the tort claim notice provisions of the Oklahoma Government Tort Claim Act ("GTCA"), 51 O.S. § 151, *et seq* by notifying the City of Fairview of his intent to file State law claims in connection with the events

1

and injuries described herein. The GTCA process has been exhausted. This action is timely brought pursuant to 51 O.S. § 157.

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Fourth and/or Fourteenth Amendments to the United States constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

7. The jurisdiction of this Court is also invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

8. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since the claims form part of the same case or controversy arising under the United States Constitution and federal law.

9. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

10. Paragraphs 1-9 are incorporated herein by reference.

11. On or about September 5, 2015, Plaintiff was arrested by William N. Meyer, a Patrolman with the Fairview Police Department ("FPD") on allegations of public intoxication.

12. During booking, Plaintiff informed the Major County Sheriff's Office that he had a ruptured disk in his back.

13. After being booked at the Major County Sheriff's Office/Major County Jail, Plaintiff walked out of the booking room and went into a public hallway.

14. Patrolman Meyer chased after Plaintiff Hicks and brought him back to the Jail.

15. Patrolman Meyer had been on the phone with Acting Chief Gadd when Plaintiff left the booking room, and Acting Chief Gadd arrived shortly thereafter. At this time, Plaintiff was safely in the Jail and not fleeing, actively resisting or posing any threat.

16. Upon arrival, Defendant Acting Fairview Police Chief Gadd began talking to Plaintiff. Defendant Gadd pulled Plaintiff up from the chair where he was seated in order to handcuff him. However, Defendant Gadd pushed down on the cuffs so hard it injured Plaintiff's wrists. When Defendant Hicks began to cry out in pain, due to Gadd's excessive use of force, Gadd threw Hicks on the ground and began to push down harder on the handcuffs. At this time, Plaintiff was: 1) unarmed; 2) not fleeing custody; 3) not resisting; and 4) not posing a threat to himself, Defendant Gadd, or anyone else.

17. As Plaintiff continued to cry out in pain, Defendant Gadd raised Plaintiff up and shoved him belly first into a chair. Defendant also shoved Plaintiff's head into a mailbox. At this point in the assault, Plaintiff cried out that his neck was hurt.

18. In response to Plaintiff's cries, Defendant Gadd shoved Plaintiff into a holding cell and against the wall. Defendant Gadd then pounded his closed fist into the temple of Plaintiff Hicks' head.

19. As Plaintiff was yelling for someone to help, Defendant Gadd pushed Plaintiff Hicks onto the hard floor where he got on top of Hicks and began choking him. Employees of the Major County Sheriff's Office told Defendant Gadd to stop the assault on Plaintiff but Defendant would not stop.

20. These acts committed by Defendant Gadd constitute excessive and unreasonable force in violation of Plaintiff's clearly established constitutional rights.

21. After the assault finally ended, Major County Sheriff's Office employees called an ambulance and requested Patrolman Meyer watch Plaintiff Hicks' cell so that Acting Chief Gadd could not assault him again.

22. An ambulance arrived and after Plaintiff Hicks was examined, Officer Chris Fike of the Fairview Police Department subsequently transported Plaintiff to the hospital. After being treated at the hospital, Plaintiff was transported back to the Major County Jail.

23. Plaintiff was brutally assaulted by then Acting Chief of Fairview Police, Defendant Charles Gadd in violation of his constitutionally protected rights and common law tort principles. The use of force occurred at the Major County Jail in Fairview, Oklahoma but was the result of the actions of Acting Chief Charles Gadd of the Fairview Police Department, who has a history of excessive force and violence prior to his employment with the City of Fairview.

24. Due to the assault, Plaintiff suffered severe physical injuries to his neck, head, back, and leg. Plaintiff also suffered emotional and mental pain and anguish.

25. At the time of the assault, Defendant Gadd was acting under the color of State law and within the scope of his employment with the Fairview Police Department.

26. Defendant Charles Gadd was hired by the City of Fairview after he was disciplined by his previous employer, the Tulsa Public Schools, for excessive use of force while working as a campus police officer. The City knew, by actual or constructive knowledge, of Defendant's history of using excessive force and that Defendant Gadd posed a significant risk to the public. During his time with the Tulsa Public Schools, Defendant Gadd was accused of excessive force involving choking a student and slamming the student's head against the wall.

27. Despite Defendant's violent history, the City of Fairview not only hired Defendant Gadd as a police officer, they put him in the position of Acting Chief of Police. As

Acting Chief of Police, Gadd was in a position to supervise the entire Fairview Police Department, implement and make its policies.  This act, of placing Gadd in the position of overseeing the policies and operations of the Fairview Police Department, demonstrates that the City of Fairview had a policy or custom of encouraging, acquiescing to the excessive use of force. Its inexcusably reckless decision to place Gadd in the ultimate position of power within the Fairview Police is also evidence of the City's failure to supervise and train their police officers regarding the proper use of force.

**CAUSES OF ACTION**

**CLAIM I**
**EXCESSIVE USE OF FORCE**
**(Fourth and/or Fourteenth Amendment; 42 U.S.C. § 1983)**
**(Both Defendants)**

28. Paragraphs 1-27 are incorporated herein by reference.

29. At the time of the complained of events, Mr. Hicks had a clearly established constitutional right under the Fourth and/or Fourteenth Amendment to be secure in his person and free from objectively unreasonable excessive force to injure him and his bodily integrity.

30. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

31. In the totality of the circumstances, at the time that the violent force as used by Acting Chief Gadd, Mr. Hicks was: 1) unarmed; 2) not fleeing; 3) not resisting; and 4) posed no threat to Gadd, himself, the officer, or anyone else. Furthermore, the offense for which Plaintiff was arrested was neither serious nor violent.

32. The use of violent force by Gadd under such circumstances was excessive and objectively unreasonable.

33. Gadd applied objectively unreasonable and excessive physical force on Plaintiff Hicks, thereby causing him serious bodily injures, as well as mental pain and anguish.

34. The use of force, as described herein, also involved reckless, callous, and deliberate indifference to Mr. Hicks' federally protected rights.

35. As a direct and proximate result of Gadd's unlawful conduct, Mr. Hicks suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling him to recover compensatory and special damages in amounts to be determined at trial.

36. Plaintiff is entitled to punitive damages on his claims brought pursuant to 42 U.S.C. § 1983 as Defendants' conduct, acts and omissions alleged here in constitute reckless or callous indifferences to Mr. Hicks's federally protected rights.

## CLAIM II
## ASSAULT AND BATTERY
### (City of Fairview)

37. Paragraphs 1- 36 are incorporated herein by reference.

38. In Oklahoma, an individual is liable for battery if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Brown v. Ford*, 905 P.2d 223, 229 n. 34 (Okla.1995) (overruled on other grounds) (quoting Restatement (Second) of Torts § 13).

39. Similarly, an individual is liable for assault if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Id.* (quoting Restatement (Second) of Torts § 21).

40.     Such claims are subject to additional requirements when asserted as against a law enforcement officer. Under Okla. Stat. tit. 21, § 643(1), "an action for assault and battery will not lie for the use of force *'when <u>necessarily</u> committed by a public officer in the performance of any legal duty….'" Madoux v. City of Norman,* No. CIV–07–435–M, 2007 WL 4171558, at *5 (W.D. Okla. Nov.20, 2007) (quoting Okla. Stat. tit. 21, § 643(1)) (emphasis added).

41.     "An officer's use of force is not 'necessarily committed' where such force is excessive or unreasonable." *Payne v. Myers,* 2015 WL 5775188, at *11 (N.D. Okla., Sept. 30, 2015).

42.     Here, Gadd's use of force on Hicks was intentional, offensive, unnecessary, excessive, unreasonable and harmful.

43.     At the time of the complained of events, Mr. Hicks, was: 1) unarmed; 2) not resisting; 3) not feeling; and 4) posed no threat to himself, the officer. Or anyone else. Again, the underlying cause of his arrest was for an offense that was neither serious nor violent.

44.     In the totality of the circumstances, at the time that Charles Gadd began to use force against Plaintiff Hicks, Plaintiff was unarmed and seated.  Subsequently, Mr. Hicks was placed in handcuffs, yet Charles Gadd persisted in his assault by shoving Plaintiff's head into a mailbox, throwing Plaintiff to the ground, choking Plaintiff, and hitting Plaintiff in the head. Because Hicks did not pose any immediate threat and was not actively resisting when the assault began, Gadd had no reasonable basis to employ *any* force on Hicks.  Under the circumstances, Gadd's actions, including shoving Plaintiff's head into a mailbox and choking Plaintiff while he was handcuffed on the floor, clearly constitute unnecessary and excessive use of force.

45.     Defendant Gadd's assault on Plaintiff resulted in a violation of Plaintiff's rights causing him bodily injury, as well as mental pain and anguish.

46. As a direct proximate result of Gadd's unlawful conduct, Hicks suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling Hicks to recover compensatory and special damages in amounts to be determined at trial.

47. When Gadd assaulted and battered Hicks, he was acting within the scope of his employment. More particularly, Gadd's acts were "incident to … service[s] being performed for [his] employer or ar[ose] out of an emotional response to actions being taken for the employer." *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1245.

48. Thus, the Defendant City of Fairview is vicariously liable for Gadd's conduct.

## CLAIM III
## NEGLIGENT USE OF EXCESSIVE FORCE
### (City of Fairview)

49. Paragraphs 1 to 48 are incorporated herein by reference.

50. In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous." *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't,* 230 P.3d 869, 878 (Okla. 2010).

51. Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, "a police officer has a special dispensation from the duty of ordinary care not to endanger others." *Id.* at 880.

52. In particular, "[a] police officer's duty … is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Id.*

53. Here, Gadd owed a duty to Hicks to use only such force in securing his

8

cooperation as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the incident.

54.     Gadd violated breached that duty by using objectively unreasonable and excessive force as described herein.

55.     As a direct proximate result of Gadd's negligence, Hicks suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling Hicks to recover compensatory and special damages in amounts to be determined at trial.

56.     At all pertinent times, Gadd was acting within the scope of his employment and, thus, Defendant City of Fairview is vicariously liable for his negligent use of excessive force.

## CLAIM IV
## MUNICIPAL LIABILITY
**(Fourth and/or Fourteenth Amendment; 42 U.S.C. § 1983)**
**(City of Fairview)**

57.     Paragraphs 1 to 56 are incorporated herein by reference.

58.     There is an affirmative link between the aforementioned excessive force utilized by Defendant Gadd and the policies, practices and/or customs, for which the Defendant City of Fairview promulgated, created, implemented and/or possessed responsibility.

59.     <u>First</u>, the City of Fairview failed to properly supervise Defendant Gadd. As set forth above, the City of Fairview utterly failed to assure Defendant Gadd was properly and adequately supervised, despite his known lack of training, and propensity toward violence and violation of Constitutional rights, as evidenced by his prior excessive use of force on two students while he was employed with the Tulsa Public Schools.  Furthermore, the City of Fairview put Gadd in the position of Acting Police Chief when they knew, by actual or constructive knowledge, or had reason to know Defendant Gadd had a history of using excessive

force during his previous employment. This amounts to deliberate indifference to the federal rights of persons with whom Defendant Gadd came into contact. Further, there is a direct causal link between the constitutional deprivation and the inadequate supervision of Defendant Gadd.

60. <u>Second,</u> the City of Fairview utterly failed to properly train Defendant Gadd. As set forth above, the Defendant's lack of proper training is evidenced by his previous use of excessive force while employed with Tulsa Public Schools. Further evidence of insufficient training on the part of the City Of Fairview include: 1) Defendant's assault on Plaintiff, which shows he exceeded the constitutional limitations on the use of force; and 2) the fact that the use of force in this case arose under circumstances that constitute a usual and recurring situation with which police officers must deal.

61. <u>Third, the very fact that the policymakers at the City placed Gadd in the position of Acting Chief, with knowledge of his prior excessive use of force and/or proclivity for violence, evinces an unconstitutional policy, which may be established through</u> decisions of employees with final policymaking authority.

62. Moreover, the policies or customs at issue reflected a deliberate or conscious choice by the City, through its officials, to disregard a known risk of Constitutional violations.

63. As a direct and proximate result of the aforementioned policies, practices and customs, Mr. Hicks suffered injuries and damages as alleged herein.

## **PUNITIVE DAMAGES**

64. Paragraphs 1 to 63 are incorporated herein by reference.

65. Plaintiff is entitled to punitive damages on his claims as Defendants' conduct, acts, and omission alleged herein constitution reckless or callous indifference to Plaintiff's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant him the relief sought, including but not limited to actual and compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

DATED this 17 day of March 2017.

        Respectfully submitted,

        /s/Daniel E. Smolen
        Daniel E. Smolen, OBA #19943
        Donald E. Smolen, II OBA #19944
        Smolen, Smolen & Roytman, PLLC
        701 S. Cincinnati Ave.
        Tulsa, Oklahoma 74119
        P: (918) 585-2667
        F: (918) 585-2669

        **Attorneys for Plaintiff**